State of Missouri, to the use of J. A. Bond, Respondent, v. Charles A. Berry et al., Appellants.

May 4, 1880.

Where the court has jurisdiction, and the execution follows the judgment, the regularity of the judgment cannot be attacked by a motion to quash the execution.

Appeal from the St. Louis Circuit Court, Wickham, J. *Affirmed.*

C. A. Davis and A. R. Taylor, for the appellants, cited : *Covenant Ins. Co.* v. *Clover*, 36 Mo. 392 ; *Craig* v. *Smith*, 65 Mo. 336.

Charles E. Pearce, for the respondent, cited : *Swinney* v. *Watkins*, 22 Ga. 570 ; *Shorter* v. *Mims*, 18 Ala. 638 ;

*Skidmore* v. *Bradford*, 4 Pa. St. 296 ; *Hendrickson* v. *Railroad*, 34 Mo. 188 ; *Merrick* v. *Merrick*, 5 Mo. App. 123.

LEWIS, P. J., delivered the opinion of the court.

A judgment was rendered against four defendants, one of whom, according to the sheriff's return, had not been served with process. At a succeeding term of the court another defendant, who had been duly served, filed a motion to quash the execution, on the ground that the judgment was void as to the defendant not served ; and, being void as to one defendant, was void as to all. The motion was overruled.

It may be questioned whether, by any proceeding, a judgment which is unexceptioable as to one defendant, may be attacked by him because of its irregularity as to another defendant who does not complain. For aught that appears, the latter may be content to have the judgment stand. In this case, the answer was filed on behalf of all the defendants by attorneys who afterwards made affidavit that they were never authorized to appear for the defendant who was not served, and that their failure to except him from the answering defendants resulted from mistake. It nowhere appears that this defendant has ever objected to the judgment. It might fairly be surmised, nothing appearing to the contrary, that he had acquiesced in, and ratified the representation of his interests by the gentlemen who filed the answer.

But, however this may be, it is clear that under the circumstances in this case, a motion to quash the execution is not the proper remedy. The court had jurisdiction over the subject-matter and the party who files the motion ; the judgment was not appealed from, and the execution corresponds to the judgment. When these facts concur, a motion to quash execution cannot be sustained. *Hodgson* v. *Banking-House, ante*, p. 24. The remedy, if any exists for

the party moving in this case, must be by a motion to set aside the judgment.    *Craig* v. *Smith*, 65 Mo. 536.

All the judges concurring, the judgment is affirmed.