Guntley v. Staed.

Edward Guntley, Trustee, Appellant, v. Patrick M. Staed et al., Respondents.

77 155
99 ⁴501
100 ²183

77 155
101 ²152
101 ¹598

St. Louis Court of Appeals, November 29, 1898.

1. **Bill of Exceptions:** REJECTED TESTIMONY INFERENCE: PRACTICE, APPELLATE. The reasonable inference to be drawn from the fact that the rejected testimony is not preserved in the bill of exceptions, is that it was lacking in probative force, and was valueless.

2. **Practice, Trial:** PRACTICE, APPELLATE. Counsel can not shift positions, but are confined in the appellate court to the theory assumed at the trial.

3. ——: ——: ASSIGNMENT OF ERROR. And counsel will not be permitted to invite error on the trial, and then assign such error for a reversal of the judgment.

4. **Exemption:** EXECUTION. Exemption of property from execution is a personal privilege and can only be exercised for his personal benefit—not for the benefit of another.

5. **Mortgagor:** POSSESSION OF MORTGAGED PROPERTY BY MORTGAGOR: FRAUD: FORECLOSURE OF MORTGAGE. If it was the understanding, in the case at bar, that the mortgage should *not* be foreclosed, and that the mortgagor should retain possession of the property and use it, then the mortgage was to the use of the mortgagor and void as to creditors.

6. ——: ——: ——: INSTRUCTION. And an instruction based on this theory of the case as presented by the facts is above criticism.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

AFFIRMED ON CONDITION.

Lubke & Muench for appellant.

The court erred in admitting evidence as to whether or not, when the American Brewing Company first began to sell goods to Strube, they were, or were not, informed of a supposed indebtedness by Strube to

Louis Obert. It was admitted that the American Brewing Company (one of the beneficiaries) knew of an indebtedness at the time when the mortgage to them and others was executed. Whether that beneficiary knew of that debt, or some other debt, years before that date, was utterly immaterial, and a false issue was raised before the jury by the admission of the evidence. The court erred in excluding evidence as to Strube's intentions with reference to preferring Peter Schick, one of the beneficiaries in the mortgage. On a charge of fraud, all the circumstances surrounding the transaction, all the declarations of the parties at the time, are material and competent; and it must be shown that the mortgagee knew of, and participated in an intention to defraud. The validity of Mr. Schick's claim is beyond dispute. Nicholson v. Golden, 27 Mo. App. loc. cit. 153. The court erred in giving instructions 1 and 2 for defendant. There is no evidence that Schick accepted the mortgage in question for the purpose of aiding Strube in any fraudulent intention, or that he participated in any purpose or design on the part of Strube. The court, against the objection of plaintiff, had excluded the evidence of Schick's connection with the giving of the mortgage. The court erred in giving instruction 3 for defendant, not merely because it refers to a supposed agreement between Schick and Strube, of which there is no evidence, but because it denies plaintiff a recovery, if "the parties" knew that the property in the deed of trust was of such a nature as that its value would depreciate by continued use. This instruction declares that a mortgagor, during the life of the mortgage, can not use the property mortgaged. Such is not the law. No inference of fraud can be drawn from continued possession, even after condition is broken. "Possession after the condition is broken is not fraudulent, for

when a conveyance is not fraudulent at the time of the making of it, it can not be made fraudulent by any subsequent matter." "If the mortgagee fails to take possession immediately upon default, it can not be assumed as a conclusion of law that the mortgage is fraudulent." Bump on Fraud. Conv. [4 Ed.], sec. 145. This instruction is also bad because it singles out, and comments on, the supposed fact that "the parties" knew that the property was of a character to lose in value by continued use. Even if the jury had a right to take such supposed fact into consideration, it could only have been considered along with other facts in the case, and should not have been specially selected and held up to their view. Such fault has been uniformly condemned by the courts. Leeser v. Boeckhoff, 33 Mo. App. loc cit. 237, 238; Bank v. Com. Co., 61 Mo. App. loc cit. 149; Speer v. Burlingame, ibid, loc cit. 96. The instruction declaring that Strube, the debtor, had the right to mortgage property exempt to him by the laws of this state, should have been given. That portion of the chattels, consisting of household goods, was specifically exempt. R. S. 1889, sec. 4903, subdiv. 6; State to use v. Koch, 47 Mo. App. 269–271.

THEODORE RASSIEUR for respondents.

A judgment will not be reversed merely because immaterial or irrelevant testimony was admitted, unless it appears to have had some influence in producing the verdict. Lane v. Kingsbury, 11 Mo. 402; McDermott v. Barnum, 19 Mo. 204; Craighead v. Wells, 21 Mo. 404. Nor will a judgment be reversed because of the exclusion of testimony, unless the materiality of that testimony appears from the record, so that the appellate court can determine whether the error was prejudicial or harmless. Roussin v. Ins. Co., 15 Mo. 244;

Bank v. Aull, 80 Mo. 199. Self-serving statements made by a party can not be admitted unless made in the presence and hearing of the other party. Hambright v. Brockman, 59 Mo. 52. It is always proper for the court to declare to the jury the legal effect of the facts in proof. This is not singling out or commenting on evidence. Tyler v. Hall, 106 Mo. 313, 323; Clark v. Cordry, 69 Mo. App. 6; Nicholson v. Golden, 27 Mo. App. 132, 154. The participation of either the trustee or the beneficiaries, in the fraud of the grantor, is sufficient to avoid the conveyance. Crow v. Beardsley, 68 Mo. 434, 440; Blacker v. Ryan, 65 Mo. App. 230. Where the property seized is not specifically exempt, or has not been selected and set apart, and acquired a status, as exempt property, a mortgage thereof, made with intent to hinder or defraud creditors, will be void as against creditors, if the trustee or beneficiaries participated in the fraud. And the selection of exemptions out of property specifically exempt, can only be made by the debtor, and only when a levy has been made or is threatened. Stotesbury v. Kirtland, 35 Mo. App. 148; Alt. v. Bank, 9 Mo. App. 91; Weinrich v. Koelling, 21 Mo. App. 133; Garrett v. Wagner, 125 Mo. 450. The allegation in the petition and affidavit for replevin, regarding the value of the property in controversy, is *prima facie* evidence of its value, as against the plaintiff. It has the force and effect of an admission.

BLAND, P. J.—Louis Obert, one of the defendants, about July 1, 1891, recovered a judgment against Louis Strube as principal and Peter Schick as indorser, on a promissory note for $250. From this judgment Strube and Schick appealed, giving an appeal bond, with Oscar C. Koehler as surety; this judgment on appeal was affirmed for $304.10; on November 23, 1891,

Obert recovered another judgment in the circuit court against Louis Strube for $444.85; the judgment of $304.10 was paid by Oscar Koehler, the principal and interest of which was afterwards paid him by Schick, but not the cost. On November 24, 1891, Strube executed to plaintiff a chattel deed of trust on a leasehold in real estate, some saloon fixtures and household goods, as trustee, for the purpose of securing a note of $300, due the American Brewing Company, and to secure Schick as indorser on his note (reduced to judgment before the justice) and Oscar Koehler as surety on his appeal bond. The plaintiff Guntley and Oscar Koehler were both officers of the American Brewing Company; early in 1893 Obert caused an execution to be issued on the $444.85 judgment, and placed the same in the hands of defendant Staed, the then sheriff of the city of St. Louis, who in virtue of the execution seized and levied on the goods and chattels described in the deed of trust, but found in the possession of Strube, the defendant in the execution. On February 24, plaintiff as trustee in the chattel deed of trust replevied the chattels from Staed, giving bond, and took possession. In his affidavit annexed to his petition the plaintiff alleged that the property was of the value of $400.

The answer of defendants set forth the above mentioned judgments, the issuance and levy of the execution, and averred that the trust deed was made by Strube for the purpose of hindering, delaying and defrauding his creditors, and that the mortgage was fraudulent and void. The reply put in issue the new matter set up in the answer. The issues were tried by a jury, who found for the defendants, and assessed the value of the property at the time of the trial to be $50 and assessed defendants' damages at $150. A motion

for new trial was filed by plaintiff, which being over-
ruled, plaintiff duly appealed.

The plaintiff read in evidence the deed of trust
which was duly acknowledged and recorded, and the
note secured thereby, and the appeal bond of Strube,
Schick and Koehler; also offered evidence tending to
show that Strube, a saloon keeper had been buying
beer from Obert prior to May, 1891, at which date he
quit and became a customer of the American Brewing
Company, when Obert instituted the suits which
resulted in the judgments above noted. The next day
after the rendition of the $444.85 judgment, Henry
Koehler, the president of the American Brewing Com-
pany, called at Strube's place of business and arranged
to meet him at the office of Mr. Muench, the attorney
of the American Brewing Company, for the purpose of
making the deed of trust; they met as per appoint-
ment on the same day and the deed of trust was made.
Henry Koehler represented the American Brewing
Company, and also claimed to represent Oscar C. Koeh-
ler, then absent from the city; neither Schick nor
plaintiff Guntley were present at the execution of the
deed of trust, nor does it appear when they were
informed of the making of the deed. The evidence
was that the property would depreciate in value when
in use; that Strube was permitted to retain and use
the property in his business from the time the deed of
trust was executed, until levied on by the sheriff, and
that after it was replevied he continued to hold and
use the property; that after the replevy the leasehold
interest he had assigned and conveyed by the deed of
trust was sold under the instrument and Strube moved,
leaving a part of the replevied property, because, as he
says, it was worn out and not worth moving. The
evidence also was that the property at the time the
levy was made was not worth over $120, and at the

trial was not worth exceeding $70 to $75. No demand was ever made on Strube for the property or for the money due to the American Brewing Company; in this connection Strube testified that "when a man sells beer of a brewery and does anyway right, they don't trouble him." No inquiry was ever made by the trustee or by any of the beneficiaries about the property; they all seemed content to let Strube use and wear it out, so he continued to get his beer of the American Brewing Company, and so soon as the trustee got possession of it, under the writ of replevin, he restored it to the possession of Strube. The defendant put in evidence the judgment of $444.85, the execution issued thereon, and the levy of the sheriff on the goods in controversy, to satisfy the execution. The evidence also disclosed the fact that Strube was the head of a family; that the deed of trust covered all of his household effects, except about $100 worth of old furniture. Henry Koehler testified that when the trust deed was executed Strube owed the American Brewing Company $500; that the debt secured by the trust deed had not been paid. Strube on cross-examination was asked by respondents' counsel what was said about his indebtedness to Obert when he commenced to trade with the American Brewing Company; his answer was that nothing was said about it. Counsel for appellant objected to the question; his objection was overruled, and he assigns this ruling as error. The answer of the witness was not prejudicial to appellant, hence the exception furnishes no ground for reversal, conceding that the question was an improper one. Henry Koehler, after testifying that he and Strube met at Mr. Muench's office for the purpose of executing the trust deed, was asked this question by counsel for appellant: "What, if anything, in that conversation was said

VOL. 77 app—11

about Mr. Schick, if you remember?" Counsel for respondent objected to the question, which was sustained, to which ruling the appellants' counsel saved an exception and assigns this ruling as error. What the answer of the witness would have been to the question propounded, we are left in the dark, as counsel for appellant failed to state and have incorporated in the bill of exceptions what the answer of the witness would be; there is nothing, therefore, before us from which we can determine whether the excluded testimony was material or wholly lacking in probative force.

BILL of exceptions: inference from rejected testimony, not in bill of exceptions.
The reasonable inference to be drawn from the fact that the rejected testimony is not preserved in the bill of exceptions is, that it was lacking in probative force, and was valueless. State v. Douglass, 81 Mo. loc. cit. 235; Bank v. Aull, 80 Mo. 199; Pleasant Hill v. Willis, 79 Mo. 275.

Instruction number 1 given for defendants by the court in substance told the jury that fraud was not to be presumed, but must be proven; still that it might be inferred from facts and circumstances in evidence, and if they found that the trust deed was given by Strube with the intention of hindering, delaying or defrauding Obert, and that the parties in whose favor the deed was made knew of such intent, and accepted it for the purpose of aiding Strube in carrying out his fraudulent purpose, they should find for defendants. The second instruction given for defendants is the same as the first in substance, with the addition, that if the jury found the facts constituting the fraud, they should find for defendants, although they might find that Strube was indebted to the American·Brewing Company, and that Schick had indorsed a note for him, and Koehler had become surety for him on an appeal bond. The appellant contends that as to Schick

there is no evidence that he accepted the trust deed for a fraudulent purpose or that he participated in any intention of Strube to defraud Obert. Appellant's instruction number 1, asked by plaintiff and given by the court, is as follows: "Even though the jury might believe that one of the purposes of Strube in executing the mortgage to Guntley, trustee, may have been to hinder, delay or defraud others of his creditors, yet, unless the parties for whose benefit the said deed was made, or any of them, had notice or knowledge of such intent, if any, on the part of said Strube, or participated therein, such intent of said Strube will not defeat the plaintiff's right of recovery herein." From this instruction it clearly appears that appellant took the position on the trial, that if any one of the beneficiaries mentioned in the deed of trust knew that it was made by Strube with the intent to defraud Obert, and participated in such fraudulent intent, the deed was fraudulent and void. Counsel can not shift positions, but are confined here to the theory they assumed at the trial.

Counsel will not be permitted to invite error on the trial, and then assign such error for a reversal of the judgment. Baker v. Railroad, 122 Mo 533; Christian v. Ins. Co., 143 Mo. 460; Water Co. v. City of Neosho, 136 Mo. 508; Berkson v. Railway, 144 Mo. 211. The appellant asked an instruction declaring that Strube had the right to mortgage property exempt to him by the laws of the state, which the court refused to give. This refusal is assigned as error. Strube was the head of a family, kept a saloon and boarding house; the property embraced in the deed of trust included bar fixtures and all the household goods Strube had, except $100 worth of old furniture. The value of the leasehold is not stated. Koehler testified that when he took the deed of trust he considered this of considerable

value, but fixed no specific value on it. When the sheriff made the levy no claim of exemption was made, and consequently no part of the property was set off to Strube by the sheriff as exempt. Not one of the specific articles exempt by section 4903 of the Revised Statutes of 1889, is described in the deed of trust, so that none of the property occupied the status of exempt property when the deed was executed. Exemption of property from execution is a personal privilege and can only be exercised by the debtor and only for his personal benefit—not for the benefit of another. Garrett v Wagner, 125 Mo. 450. But even if Strube had been in a position to have selected the mortgaged property as exempt under section 4906, Revised Statutes of 1889, in lieu of the specific property exempt under the provisions of section 4903, *supra*, the fact remains that he did not do so, hence there was no error in refusing the instruction. Stotesbury v. Kirtland, 35 Mo. App. 148; Alt v. Bank, 9 Mo. App. 91. Instruction number 3 given for respondent, and of which appellant complains, in effect told the jury, that if it was understood by and between the parties to the mortgage when it was executed, that Strube, the mortgagor, should retain possession of the mortgaged property and use it, after the maturity of the debt secured thereby, and that the mortgage should *not* be foreclosed, then the jury should find the mortgage fraudulent.

MORTGAGE void as to creditors. There was evidence to warrant this instruction, and if it was the understanding that the mortgage should *not* be foreclosed, and that the mortgagor should retain possession of the property and use it, then the mortgage was to the use of the mortgagor and void as to creditors. The instruction is above criticism. We have discovered no reversible error in the record; however, it seems to us from the evidence that the damages assessed are excessive, the

highest estimate of the value of the property by any witness testifying to value was $120. The jury found present value at $50, and assessed damages at $150. It is true that plaintiff in his affidavit to his petition stated the property to be of the value of $400, but it nowhere appears that the plaintiff ever saw the property or any part of it; his affidavit, in view of the evidence, must have been on information and belief, and not from knowledge; there is no other reasonable way to account for the value as stated in the affidavit. The admission is not conclusive on the plaintiff as to value, and it is evident that the jury did not look to the affidavit as evidence of the value of the property, otherwise the verdict would have been for a much larger sum. The verdict shows on its face that the jury were not guided by either the affidavit or by the evidence. The most favorable view of the evidence as to value should be given defendants. Giving it that view, we find that the damages should not have been assessed at a greater sum than $75. The judgment is affirmed on condition that the defendants within ten days from the date of the filing of this opinion enter a remittitur of $75 of the damages assessed; that on his failure to do so the judgment shall stand reversed and the cause remanded for new trial.

All concur.