Cope v. Snider.

---

WOOD COPE, Appellant, v. G. S. SNIDER, Respondent.

Kansas City Court of Appeals, April 27, 1903.

1. **Executions:** QUASHING: PLEADING: LEVY. On the hearing of a motion to quash an execution the court quashed the levy of the execution and stayed the sale. *Held*, there was no pleading to support the judgment of the court, and the practice is condemned.

2. ———: ———: EXEMPTIONS: HOMESTEAD. Evidence on motion to quash an execution on the ground of exemptions and because the property had been set off by an order of the court as exempt, is reviewed and held as not showing the execution defendant to be the head of a family or entitled to homestead, and the alleged order of the court being insufficient to change the right of the defendant or the duties of the officer, the other movant being a stranger to the record.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

REVERSED.

*J. A. Selby* for appellant.

(1) The relief granted by the court was entirely different from that asked in defendant's motion and the trial court should have declined to sustain it for that reason, the motion itself assigning no reason for quashing the execution. Bryant v. Russell, 127 Mo. App. 431; State ex rel. v. O'Neil, 78 Mo. App. 26; Paddock v. Lance, 94 Mo. 283. (2) The exemption right is a personal privilege belonging only to the debtor and can be asserted or established alone by him and not by his vendees or assignees. Guntley v. Stead, 77 Mo. App. 155; Howland v. Railroad, 134 Mo. 474; Garrett v. Wagner, 125 Mo. 462. (3) The title having passed out of defendant Snyder by his deed of September 19, 1901, and his vendee Foxworthy being the owner at the time of the levy and attempted sale, defendant could not then claim it as exempt. Statesberry v. Kirtland, 35 Mo. App. 148; State v. Springate, 51 Mo. App. 619; Stewart v. Stewart, 65 Mo. App. 663. (4) The right given a debtor to claim under section 3162, does not amount to an estate as does section 3616, Revised Statutes 1899. State ex rel. v. Harrington, 33 Mo. App. 476. (5) And, hence, if real estate, when conveyed, is not clothed with the attributes of a homestead, or it has not been selected and claimed as required by section 3162 and appraised and set apart to the debtor by the officer as required by section 3163, R. S. 1899, then the debtor will be held to have waived his right, and in this case the vendee, Foxworthy, can not assert it for him or in his name. Alt v. Bank, 9 Mo. App. 91; Stewart v. Stewart, 65 Mo. App. 663; Davis v. Williamson, 68 Mo. App. 307; Sec. 3223, R. S. 1899; Finley v. Barker, 110 Mo. 408; State ex rel. v. Pruitt, 65 Mo. App. 154. (6) The officer who has the writ, and not the court from whence it issued, is the proper authority for granting to debtors their exemptions. State ex rel. v. Barnett, 96 Mo. 133; State ex rel.

v. Barada, 57 Mo. 562; Day v. Burnham, 82 Mo. App. loc. cit. 543; State ex rel. v. Barnett, 47 Mo. App. 551; Kelley's J. P. (Ed. 1889), sec. 583.

*Rollin J. Britton* for respondent.

(1) Property selected under the statute stands on the same legal footing as if specially exempted by it. Hombs v. Corbin, 34 Mo. App. 393; Day v. Burnham, 82 Mo. App. 542; Kulage v. Schueler, 7 Mo. App. 250. (2) All exemption laws must be liberally construed. State v. Dill, 60 Mo. 433.

SMITH, P. J.—The plaintiff recovered a judgment against the defendant before a justice of the peace, on which an execution was issued and returned nulla bona. Subsequently, on April 20, 1899, the plaintiff filed a transcript of the judgment in the office of the clerk of the circuit court and thereafter an execution was issued thereon, directed to the sheriff who levied the same on certain real estate, as the property of the defendant.

The defendant and wife, with one Foxworthy, filed a motion in the circuit court to quash the plaintiff's said execution, on the grounds (1) that the defendant and wife had on September 19, 1901, for a consideration, by a proper deed, conveyed the real estate levied on to said Foxworthy; (2) that defendant Snider was the head of a family and did at the September term, 1899, come into court and file a motion for an order to have the sheriff to set off to him in lieu of the property mentioned in the first and second subdivisions of section 4903, Revised Statutes 1899, as exempt from execution, the said real estate, and that the court sustained said motion and made the order accordingly, whereby said real estate became exempt property, etc. At the hearing of the motion, the plaintiff objected to any evidence to support the motion for the reason that the exemption claimed, if any, was personal to defendant Snider and wife and could only be claimed by them and that Fox-

worthy was not a party to the suit, which objections were by the court overruled.

The defendant and Foxworthy then introduced in evidence, certain circuit court record entries, showing that Foxworthy had recovered a judgment against Snider in the circuit court and that an execution had been issued thereon and a levy made on the said real estate on the 20th day of May, 1899; that at the September term, 1899, the said defendant filed a motion to quash said levy, on the ground that the subject thereof was his homestead and was exempt to him as the head of a family, under sections 4903 and 4906, Revised Statutes 1899. The motion was sustained and the sheriff ordered to cause said real estate to be appraised and to then set off to defendant three hundred dollars in property of his selection. The sheriff testified that Foxworthy, the plaintiff, stopped him from setting off any property to defendant Snider under the execution. It appears that Snider and wife, for $125, by deed conveyed said real estate to Foxworthy. It further appears that at the conclusion of the foregoing evidence the court made an order quashing, not the plaintiff's writ, but the levy made by the sheriff, and staying the sale.

The motion alleged no ground for quashing the execution. Nor did it allege any infirmity in the judgment affecting the execution nor any defect or insufficiency in the latter independent of the former, so that upon its face the execution plaintiff was entitled to judgment. The court it seems impliedly overruled it, for it appears that the order was that the levy, not the writ, be quashed. The motion was not directed against the levy, but against the writ. It was not like a bill in equity where there is a prayer for special relief accompanied with a further prayer for such other relief as in equity and good conscience may seem meet.

It is thus seen that the execution defendant and Foxworthy filed a motion for one thing but were accorded another. The action of the court was not based

upon nor in conformity to the motion. There being no motion to quash the levy, the action of the court was *sua sponte.* As a general proposition a judgment or decree of a court must be based on some pleading authorizing the same. A different practice, of which we have a striking illustration in the present case, is not to be approved. Bryant v. Russell, 127 Mo. l. c. 431; Paddock v. Lance, 94 Mo. 283; State ex rel. v. O'Neill, 78 Mo. App. 26.

But assuming that the court concluded that the motion alleged no grounds for quashing its final process, but did disclose such an abuse of that process or its function as to call for investigation, still we do not think even then its order can be upheld. There was not, as has been seen, any evidence offered which had the slightest tendency to prove either of the grounds of the motion. It does not appear that there was any evidence offered tending to prove that the execution defendant was the head of a family, or that he was entitled under the statute to a homestead, or that the real estate levied on was used by him as such or that it was clothed with the attributes of a homestead, or that it had been selected and claimed as required by section 3162, Revised Statutes 1899, and appraised and set apart as further required by section 3163. All that the evidence does show is that Foxworthy, at a date subsequent to that of which the plaintiff herein filed his justice's transcript with the clerk of the circuit court, obtained a judgment against Snider, in the circuit court for $50 and caused an execution to be issued thereon, which was levied by the sheriff, on the said real estate and that the court, on motion of Snider, had quashed the levy and ordered the sheriff to have said real estate appraised and to set off to the execution defendant Snider $300 in property of his selection. It further appears that by the direction of the execution plaintiff Foxworthy, the sheriff did not obey the order of the court, or, in other words, no selection or set-off was made, but instead thereof the execu-

tion defendant Snider, for the consideration of $125, executed a deed to Foxworthy for the property. It seems to us that even if the motion in the present case had been directed against the levy instead of the writ, that no evidence was adduced to justify the action of the court in sustaining it. And, as far as we can discover, all the evidence offered by the execution defendant and Foxworthy, and to the introduction of which the plaintiff objected, was clearly irrelevant and should have been excluded.

The order of the court imposed no greater duty on the sheriff than that already imposed by the statute. The rights of Snider and the duty of the sheriff were just the same before as after the said order was made. There is nothing in the record from which it can reasonably be inferred that the plaintiff or the sheriff, by the levy and the steps taken to enforce the same, was attempting any abuse of the writ or that it was the duty of the court to interfere. For aught that appears from the record, the property levied on was not for any reason exempt from seizure and sale under the execution issued on the plaintiff's prior judgment. It appears from the sheriff's return on the plaintiff's execution that at the time of the levy thereof the defendant Snider was then a non-resident of this State—being a resident of the State of Washington. This being the case he could not of course set up or claim any homestead or exemption rights against the plaintiff's right to enforce his execution against the property levied on for the satisfaction of his judgment. Nor could Foxworthy, his vendee, be heard to assert for him any homestead or exemption right or privilege. Under the law such rights and privileges can not be vicariously claimed. Guntly v. Staed, 77 Mo. App. 155; Garrett v. Wagner, 125 Mo. 450; Howland v. Railroad, 134 Mo. 474. And as Foxworthy was a stranger to plaintiff's execution, he could not be allowed to interfere with the enforcement thereof by the interposition of a motion to quash it or the levy

thereunder. Carter v. Clymer, 81 Mo. 122. It would seem to us that it would be far better to let the sale proceed under the levy so that later on the parties claiming title may have the relative strength thereof determined in an appropriate action by a court of law.

The judgment was improper and accordingly must be reversed. All concur.