BARBER ASPHALT PAVING COMPANY, Respondent, v. DORA C. KIENE et al., Appellants.

Kansas City Court of Appeals, April 27, 1903.

1. **Judgments: EXECUTIONS: MOTION TO QUASH: TAXBILLS.** On a motion to quash an execution issued on a judgment based on certain taxbills for street betterments, the fact that the taxbills included only part of the land subject to the lien can not avail the defendant as that was a matter of defense in the action and is not available in a collateral proceeding; and the same is true of the objection that the lot was not charged according to its frontage.

2. ———: ———: ———: LEVY: DESCRIPTION. A discrepancy in the description of a lot as having one more foot front than it actually has will not invalidate a deed, much less a levy on an execution.

3. ———: TAX DEED: PURCHASER AT TAX SALE: TAXBILLS. The holder of a void tax deed is under no obligation to pay taxes on the land, nor even a judgment on special taxbills; nor is he prevented from purchasing such judgment, nor does an assignment of the judgment satisfy it in the absence of testimony of that intention.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*E. W. Shannon* for appellants.

(1) The assessment for special tax was levied
against twenty-seven feet of real estate and included
in it a tract of land owned and occupied by appellants
for twenty-one years, together with land owned by other
parties, and was therefore void and all proceedings had
to enforce special taxbills issued on such assessment
were void. Kansas City Charter 1889, sec. 6, p. 85;
St. Louis v. Provenchere, 92 Mo. 69; State ex rel. v.
Railway, 114 Mo. 1; Barker v. Blake, 36 Me. 433;
Cooley on Taxation, p. 400, 401; Nason v. Ricker, 63
Me. 381; Alleghany Co. v. Mining Co., 61 Md. 545;
Bruce v. McBee, 23 Kas. 379; Hapgood v. Morton, 28
Kas. 764; Greene v. Walker, 63 Me. 311; State v. Wal-
liston, 20 Wis. 228; People v. Shimmins, 42 Calif. 121;
Orton v. Noonan, 25 Wis. 490; Siegel v. Co., 26 Wis.
70; Desty on Taxation, p. 573, 643; Jennings v. Collins,
99 Mass. 31; Allen v. Courtney, 58 S. W. 200; State ex
rel. v. Richardson, 21 Mo. 420; Burke v. Brown, 148 Mo.
309, 320; Ruby v. Huntsman, 32 Mo. 501. (2) The
appellant's land was one hundred feet deep, consisting
of four lots subdivided. The assessment is against the
north twenty-five feet only of the said east twenty-
seven feet, thus cutting off the entire front of this tract
of land. Such assessment must be against the parcel of
land owned and occupied by appellants. See authori-
ties preceding. (3) The levy and notice of sale are
invalid and should have been quashed and no legal
sale could be had under such notice. Freeman on Ex-
ecutions, sec. 281. (4) At the time L. M. Smith had
this judgment assigned to her, she had the fee simple
title to the real estate described in the tax deed. It

then became her duty as the owner to pay off all unpaid taxes, and the payment by her to the Barber Asphalt Paving Company was a payment and satisfaction of that judgment. Cooley on Taxation (1886), pp. 500-502; 2 Desty on Taxation (Ed. 1876), p. 929. (5) The payment made by L. M. Smith to the Barber Asphalt Paving Company on April 12, 1900, for the judgment for special taxbill, $317.83, was in fact and intention made as a payment and satisfaction of this judgment, and the execution should have been quashed because the judgment was paid and satisfied. (6) Without some statutory provision the respondent could not recover a tax voluntarily paid, but Kansas City Charter 1898, sec. 59, provides for the reimbursement to tax deed purchasers of all taxes paid by them.

*C. E. Burnham* for respondent.

(1) Appellant's first objection, that the assessment and judgment enforcing the lien of the taxbills is void, comes too late; that was a defense they should have made, in fact did make, to the suit on the bills; they can not now attack that judgment on this collateral proceeding. The court had jurisdiction of the parties and the subject-matter, and the error, if it be error, could only be corrected on appeal or writ of error. Bigelow on Fraud, p. 86; Nichols v. Stevens, 123 Mo. 116; Payne v. O'Shea, 84 Mo. 129; State to use v. Berry, 9 Mo. App. 42. (2) Their second objection is answered by the same argument as the first. Besides, the assessment was properly made against that part of the one lot abutting and adjoining the street. Kansas City Charter, sec. 5, art. 9. (3) Their third proposition, that the notice of sale was not definite and the description insufficient, is equally untenable. (4) Appellant's fourth contention is a mistake of both law and fact. At the time L. M. Smith took the assignment of this judgment, she did not have the fee simple title to the property described in the tax deed which included the

property in this judgment. Sec. 59, art. 5, Kansas City Charter; Sec. 57, art. 5, Kansas City Charter; Cooley on Tax. (2 Ed.), pp. 500, 501; Neal v. Frazier, 63 Ia. 451; Cox v. Gibson, 27 Pa. St. 160; Stubblefield v. Borders, 92 Ill. 279; Blackwood v. Van Vleet, 30 Mich. 118; Independence v. Gates, 110 Mo. 374. (5) The fifth point presented was one of fact which the trial court had found against the appellants. (6) The sixth proposition is based on a mistaken hypothesis. There being no payment the assignee had a right to enforce the lien of the judgment.

SMITH, P. J.—This case may be stated in about this way: The defendants were the owners of a lot in Kansas City bounded as follows, *videlicet*: Commencing at a point on the south line of Eighteenth street, thirty feet east of the northeast corner of lot 1, block 4, thence south parallel to Oak street one hundred feet, thence east parallel to Eighteenth street twenty-six feet; thence north parallel to Oak street one hundred feet to Eighteenth street, thence west along Eighteenth street twenty-six feet to the place of beginning, being a part of lots 1, 2, 3 and 4, block 4, of Evans addition to the City of Kansas. The following plat may serve to illustrate the foregoing description:

N.

18th Street.    O

B
l
o
c
k
4

1

2

3

4

K
i
e
n
e
L
o
t

A
K

S
T
R
E
E
T

W.                                                                E.

S.

In November, 1897, at a tax sale of Kansas City, the following described lot was sold for the payment of delinquent taxes, that is to say, the east twenty-seven feet of the west fifty-seven feet of lots 1, 2, 3, and the north fifteen feet of the same part of lot 4, block 4, of Evans addition; and at which sale C. C. Whitmeyer became the purchaser, receiving a certificate of purchase therefor. This certificate was assigned to Mrs. L. M. Smith, who in December, 1899, received a tax deed purporting to convey to her the real estate described in the former. Shortly after the delivery of said deed to Mrs. Smith, she began an action of ejectment against the defendants herein, and in which she was unsuccessful, the court holding said tax deed void and ineffective.

On December 12, 1899, the plaintiff in this action recovered a judgment against the defendants herein in the circuit court of Jackson county for $236.60 on certain special taxbills which were declared to be a lien on the east twenty-seven feet of the west fifty-seven feet of lot 1, block 4, Evans addition. This description will be best understood by reference to the following plat:

On January 22, 1900, the plaintiff, for a valuable consideration, assigned said special judgment to Mrs. Smith. On October 15, 1901, Mrs. Smith caused an execution to be issued on said special judgment directed to the sheriff of Jackson county, who levied the same on said real estate and subsequently advertised it for sale; and thereupon the defendants filed a motion to quash said execution and levy, alleging a number of grounds therefor, which we will more particularly notice later on. The court overruled the motion and the defendants, or a part of them, took an appeal here.

The first ground of the defendant's motion to quash which is urged here is that the special tax was levied not only upon the lands owned by defendants, but upon that owned by others; and for that reason it was void. And a like infirmity extended through all subsequent proceedings had to enforce the taxbills issued therefor. It appears that the taxbills were issued for the cost of certain street betterments.

It will be seen by the reference to the description and plat of the lot owned by the defendants, that block 4 was so platted that the subdivision thereof consisting of lots 1, 2, 3, and 4 run east and west, fronting on the west line of Oak street, and that the defendant's lot

is a rectangle running north and south across all of said lots fronting twenty-six feet on the south line of Eighteenth street. By reference to the second of the two plats previously appearing, it will be there seen that the defendants' parcel includes within its boundaries a part of lot 1, which is nearly a square in shape and abuts twenty-seven feet on the south line of Eighteenth street. Neither of the other subdivisions of said block abut on said street.

The Charter of Kansas City, section 6, article 9, page 85, requires that when any street improvement is made, other than grading, that the cost thereof shall be computed and apportioned among the several lots or parcels of lands to be charged therewith, according to the *frontage* thereof. Lot 1 had a frontage of twenty-six feet on the improved street, and no reason is seen why, under this charter rule, the special tax was not charged to it instead of partly to other lots not abutting on the improved street. It may be that it was improper to charge the whole cost of the improvement against that part of lot 1 owned by the defendants instead of against so much or all of said lots as were included within the boundaries of the rectangle owned by defendants; but if so, that is a defense that should have been interposed in the action on the special tax-bills. Such a defense is not now available in this collateral proceeding. The law is well settled everywhere that where a court has jurisdiction of the parties and subject-matter, as here, its judgment is not open to collateral attack except for fraud in its procurement; and this is especially so on a motion to quash the execution. State v. Berry, 9 Mo. App. 42. The defendants had their day in court to interpose their defense, and if they did not avail themselves of their remedy by appeal they have only themselves to blame; and whether the judgment was right or wrong we are not at liberty in this action to inquire. Nichols v. Stevens, 123 Mo. 116; Payne v. O'Shea, 84 Mo. 129; Stockton v. Ford, 18 How.

418; United States v. Throckmorton, 88 U. S. 61; Freeman on Judgments, secs. 132, 336.

And the foregoing observations are equally applicable to the defendants' objection that their lot was not charged according to its frontage. The application of the principles announced in Burke v. Brown, 148 Mo. 309, and the other cases cited by defendants, can not be successfully invoked in a case of this kind.

As to the objection that the description set forth in the levy is insufficient, it is to be observed that it is the same as that in the judgment and execution. The rule that the description contained in a levy should be as accurate as that in a deed, does not condemn the description in the levy here as insufficient. It would not be contended that a deed describing the lot as in this levy would not pass the title. Describing a lot as having one more front foot than it actually has would certainly not invalidate a deed, if otherwise correct. The greater includes the less. A discrepancy so small ought not to vitiate the deed containing it. This case is not like that of Evans v. Ashley, 8 Mo. 177, and Henry v. Mitchell, 32 Mo. 512; and what is said in those cases can have no application to it.

It is true that the Charter of Kansas City, section 57, article 5, provides that the tax deed "shall vest in the grantee an absolute estate in fee simple in the real property therein described free from any and all incumbrances, subject to all unpaid taxes which are a lien thereon," but it is conceded in the present case that that given Mrs. Smith by the said city was void and did not pass to her any title to the property it described. She was not the owner of the property and was therefore under no duty to pay all taxes thereon, including the judgment of the plaintiff against the defendants on the special taxbill. The mere fact that she held a void tax deed did not stand in her way to purchase the plaintiff's special tax lien judgment. She was under no legal obligation at the time of the assignment of the

judgment to her to pay it off. She occupied no position of trust or confidence in reference to the property. She had no duty to perform inconsistent with. that of purchaser of the judgment lien, and so we do not think that the assignment should be held to have the effect of a satisfaction of the judgment. Blackwell on Tax Titles, sec. 566, and authorities there cited.

The defendants further contend that it was in fact the intention of Mrs. Smith, by taking the assignment of the plaintiff's special judgment, to thereby pay off and satisfy the same, but we do not think the evidence supports this contention.

There is some point suggested as to the filing of a motion by Mrs. Smith based on section 59 of article 5 of the charter, but the uncontradicted statement is made in the brief for the plaintiff that this motion was dismissed; and this being so, the point suggested need not be further noticed.

No reason is seen why the judgment of the trial court should not be affirmed, which. is accordingly so ordered. All concur.