CHARLES H. BUZZARD, Appellant, v. C. P. ROBERTSON, Respondent.

Kansas City Court of Appeals, June 20, 1904.

EXECUTIONS: Levy: Motion to Quash. A motion to quash an execution specifying no infirmity in the judgment and proceedings nor any defect in the execution should be overruled; and on a motion to quash an execution the levy should not be quashed. Cope v. Snider, 99 Mo. App. 496, distinguished and limited.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

REVERSED AND REMANDED.

*Hicklin, Leopard & Hicklin* for appellant.

(1) Defendant, after parting with the title to the land, whether fraudulently or otherwise, is in no position to claim personal exemptions therein, and his motion should have been overruled. State ex rel. Fulks v. Pruitt, 65 Mo. App. 154. (2) Where real estate not used as a homestead may become exempt by selection, such selection can not be made after the sale of the property. Stewart v. Stewart, 65 Mo. App. 663; Cope v. Snider, 99 Mo. App. 497.

*Rollin J. Britton* for respondent.

(1) Homestead exemptions are not forfeited by fraudulent conveyance by head of family. Exemption laws are for benefit of family. Vogler v. Montgomery, 54 Mo. 577. (2) The provisions in relation to the homestead right and those relating to the exemption of personal property from execution are *in pari materia* and should be construed together. State v. Pitts, 51 Mo. 133. (3) All the exemption statutes are parts of one body of laws designed to protect unfortunate families from the rapacity of creditors who might otherwise strip them of food, raiment and shelter. Niemann v. Koch, 47 Mo. App. 269; Green v. Baxter, 91 Mo. App. 633. (4) Statutes of exemption being benevolent in their character, should have a liberal construction. Holliday v. Mansker, 44 Mo. App. 465; Wagner v. Furniture and Carpet Co., 63 Mo. App. 206.

SMITH, P. J.—It is in effect conceded that an execution was issued by the clerk of the trial court on a valid justice's transcript, and that the sheriff levied it on a certain tract of land containing twenty-six acres as the property of the defendant. At the term of the court to which said execution was returnable, the defendant filed a motion to quash it for the reasons, first, "because the said property belongs to this defendant, the deed of conveyance heretofore made by the said defendant on October 25, 1901, purporting to convey the said real estate to one Charles E. Morrow and the conveyance of the same date made by the said Charles E. Morrow, purporting to convey said real estate to Carrie E. Robertson, wife of the defendant herein, having been made without consideration and being absolutely void, the said defendant, with the children of his body begotten, being true owners of said real estate, subject however to the life estate of Elizabeth Robertson, mother of said defendant, and the said defendant having been in the·

actual undisturbed possession of the said real estate at all times since the same was conveyed to him (the said defendant) by deed. And because the defendant is the head of a family, and all of his personal property owned at the time of aforesaid conveyance and at time of levy and at present is not worth more than $75 and he did not at the time of the aforesaid conveyance nor at the time of levy possess any of the property mentioned under the first and second subdivisions of section 3159 and because each head of a family at his election, in lieu of the property mentioned under the first and second subdivisions of section 3159, may select and hold exempt from execution any other property, real, personal or mixed, or debts and wages, not exceeding three hundred dollars." And second, "because the sheriff failed to summon from the neighborhood three disinterested householders, who after being sworn honestly and impartially to appraise the property exhibited to them, should proceed to appraise and set apart to said defendant the property exempt to him under section 3162, or under chapter 26 of the Revised Statutes of 1899."

The court upon an agreed statement of facts sustained the motion to quash the execution and give judgment accordingly, and the plaintiff appealed. The judgment must be reversed because no ground for quashing the *execution* is alleged in the motion. The motion does not specify any infirmity in the judgment nor in the proceedings leading up to it, nor any defect or insufficiency in the execution itself, so that upon the face of the motion the plaintiff was entitled to judgment.

The validity of the levy is not drawn in question by the motion to quash the execution itself. Why the court quashed the levy on the motion to quash the execution is not quite plain. It is perhaps true that a court *sua sponte*, to prevent an abuse of its process, may quash an execution or the levy thereof, but no such case is presented here. The court by the motion was asked to do

one thing, but did another. This action of the learned court no doubt resulted entirely from inadvertence.

The questions discussed in the briefs of counsel do not arise on the record and are not before us for review. It is true that in the somewhat analogous case of Cope v. Snider, 99 Mo. App. 496, we did review a question not brought before us by the record, remarking, however, at the time that the practice was not to be approved. Cope v. Snider as an authority for such practice is not to be followed. The judgment will be reversed and cause remanded. All concur.