## J. C. W. CROUCH, Appellant, v. FREDERICK W. HOLTERMAN.

### Division One, December 3, 1917.

1. **QUASHING EXECUTION: Grounds.** An execution can be quashed only on grounds that go to the integrity of the judgment, the jurisdiction of the court or defects in the process itself.

2. ———: **In Ejectment: Homestead.** After judgment in an action of ejectment, in which defendant was personally served and made default, an execution, issued after the adjournment of the term and levied upon the same land, cannot be quashed on the mere ground that the premises constitute defendant's homestead. That defense was appropriate in the action of ejectment, and not having been made defendant is concluded by the judgment therein.

3. ———: ———: ———: **As to Defendant's Wife.** But if defendant's wife was not a party to the action of ejectment, neither the judgment therein nor process issued thereon is conclusive as to her, nor are her homestead rights affected thereby, nor is she precluded by either from asserting them in a proper proceeding.

Appeal from St. Louis City Circuit Court—*Hon. W. B. Homer,* Judge.

REVERSED AND REMANDED.

*Hugh D. McCorkle* for appellant.

(1) A motion to quash an execution, which does not specify any infirmity in the judgment, nor in the pro-ceedings leading up to it, as want of jurisdiction, fraud in its obtention, nor any defect, irregularity, or insufficiency in the execution, and filed by one who was duly served with process, cannot be sustained. State to use of Bond v. Berry, 9 Mo. App. 42; Buzzard v. Robertson, 107 Mo. App. 557; Cope v. Snider, 99 Mo. App. 496. (2) Errors or irregularities preceding the rendition of a judgment will not justify the quashing of the final process issued thereon. These can only be corrected by appeal or error, and not by a collateral attack, as by a motion to quash the execution. Johnson to use v. Greve, 60 Mo. App. 170; Brackett v. Brackett, 53 Mo. 265; Adams v. Tracy, 13 Mo. App. 578; Gregory v. Gregory, 10 Mo. App. 589; Harbert v. Darden, 116 Mo. App. 516; Dubrosky v. Bingelli, 167 S. W. 999. (3) As to what issues are barred, see: Donnell v. Wright, 147 Mo. 646; Lynch v. Ry. Co., 168 S. W. 244, and Mayo v. Chiles, 11 Ky. 237. (4) As to judgment concluded from collateral attack after the term, see: Ewart v. Peniston, 233 Mo. 965, and Higgins v. Higgins, 243 Mo. 164. (5) That homestead exemption is proper defense in ejectment, see: Barton v. Walker, 165 Mo. 25, and Farra v. Quigley, 57 Mo. 284.

*John B. Dempsey* for respondent.

The purpose was not to attack a judgment or the sale of the fee under the execution, but to have the court declare that a homestead being established the right of shelter thereunder to the defendant and his family shall not be taken away from them. Judgment is a lien upon the land subject to the homestead right. And the deed or fee can be sold on execution subject to such right, and the purchaser has the absolute right (of possession) when the homestead right ceases. Black v. Curran, 81 U. S. 463. The sale under the execution conveyed the fee to the purchaser, but his right of possession and enjoyment must be deferred until the right of homestead ceases to exist either by abandonment or

death, or by the execution and delivery of a conveyance to the holder of the fee title. This applies only to the defendant. As to his wife and children, exemption in the homestead is not a mere right, but a *vested estate*. Black v. Epstein, 221 Mo. 307. Homestead rights do not protect the debtor from his obligations. It only protects the homestead—the family domicile, from the debts of the head of the family. In Missouri, as in most of the States, the protection is afforded simply by excepting the homestead from general judgment liens for ordinary debts. Sec. 6704, R. S. 1909. No valid writ can be issued or executed against the favored property. The family cannot be disturbed or deprived of its home. The husband cannot by any act of his deprive his wife or children of their right of homestead. So even if it is contended that the silence of the husband when he should have claimed his homestead forfeits his right, it cannot destroy the homestead which still remains in his family. Houf v. Brown, 171 Mo. 207. And this is true as to the ejectment judgment, for the stronger reason that the wife was not made a party to the action. Tepley v. Ogle, 162 Mo. 197.

BOND, P. J.—I. In 1900 Frederick W. Holterman. the defendant herein, executed a promissory note to H. J. Holdenreid, upon which the latter afterwards obtained judgment before a justice of the peace. In 1903 said judgment was revived in the sum of $107.37 and a transcript filed in the circuit court. Under an execution ordered and issued thereon a levy was made on certain real estate in City Block 5583 by the sheriff of the city of St. Louis, and the property was sold under said levy to J. C. W. Crouch for $62.70. Thereafter Crouch instituted this action in ejectment against defendant Holterman for possession and damages, and defendant, though personally served with process, made default, whereupon judgment was rendered in favor of plaintiff for possession, for rents in the sum of $39.60 and for costs. After the lapse of the term, execution issued on this judgment, directing the sheriff to oust de-

fendant and deliver possession of the property to plaintiff. Defendant thereupon filed a motion to quash the execution, claiming that said premises constituted his homestead and as such were exempt from levy and sale under execution.

The motion was sustained on the theory that the premises were the homestead of defendant Holterman and that the judgment for possession in ejectment was void. Plaintiff appealed to the St. Louis Court of Appeals.

When the cause was argued before the Court of Appeals no question was raised as to its jurisdiction, but that court, upon taking the case up for consideration, held that as the motion to quash had been filed in an action of ejectment, it had no jurisdiction and transferred the cause to this court for final determination.

II. It appears that the motion to quash the execution filed by defendant fails to specify any infirmity in the judgment or prior proceedings or any defect or imperfection on the face of the process of ex-

**Quashing Execution.** ecution. It was not in terms or by intendment a proceeding to set aside the judgment for any ground on which a bill in equity might be sustained. It is simply a motion by defendant in an execution following a judgment in an action of ejectment wherein he was personally served with process to set aside the execution for a matter of defense which he might have interposed in the action of ejectment. [Barton v. Walker, 165 Mo. 25; Farra v. Quigly, 57 Mo. 284.] In these two cases the defense of homestead exemption was interposed in an action of ejectment. In the present case the defendant did not make any defense to the suit in ejectment, but after execution, sought to quash the execution on the judgment against him on the ground that he was a homesteader. All defenses which he might have interposed prior to the judgment in ejectment are concluded by that judgment, since it was not appealed from, leaving the defendant therein only the right to quash

the execution upon proper grounds which are, in substance, any which go to the integrity of the judgment, the jurisdiction of the court or defects in the process itself. [Buzzard v. Robertson, 107 Mo. App. 557; State to use v. Berry, 9 Mo. App. 42.]

As far as the defendant is concerned the judgment is conclusive as to the matters relied on in the motion to quash, although not conclusive against his wife, for she was not a party to the judgment nor any of the proceedings upon which it was based. Nor are her homestead rights precluded by judgment nor subject to deprivation through process issued thereunder, and she may assert them in any proper proceeding.

It necessarily follows that the action of the trial court in this case, sustaining the motion to quash filed by defendant, in the ejectment suit, was erroneous. It is therefore reversed and the cause remanded for such other proceedings as the parties may see fit to take. All concur, except *Woodson, J.,* who dissents.